**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AMD PROPERTY MANAGEMENT d/b/a Greens at Hillcrest Apts.,** | |
| **Plaintiff,** | |
| **v.** | **1:14-cv-302-WSD** |
| **CRYSTAL LAWRENCE,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [5] ("R&R"), which recommends remanding

this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

## I.    BACKGROUND

On January 13, 2014, Plaintiff AMD Property Management d/b/a Greens at

Hillcrest Apts. ("Plaintiff") initiated a dispossessory proceeding against its tenant,

Defendant Crystal Lawrence ("Defendant") in the Magistrate Court of Gwinnett

County, Georgia.[1]  The Complaint seeks possession of premises currently occupied

by Defendant, plus past due rent, utilities, late fees and costs.

On February 3, 2014, Defendant, proceeding *pro se*, removed the Gwinnett

---

[1]    No. 14M01474.

County Action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  She claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, the Federal Rules of Civil Procedure, the Due Process Clause of the Fourteenth Amendment, and "28 USC 1367" and "28 USC 1446(D) [sic]" "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6."  (Notice of Removal [3] at 2-3).

On March 6, 2014, Judge Baverman granted Defendant's application to proceed IFP [2] and issued his R&R [5] recommending that the Court remand this case to state court.  Judge Baverman found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendant contends violates federal law.  Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Baverman concluded that the Court does not have federal question jurisdiction over this matter.  Judge Baverman also found that Plaintiff and Defendant are both citizens of Georgia, as Defendant indicated on her Civil Cover Sheet, and that the amount in controversy does not exceed the $75,000 jurisdictional threshold.  Judge Baverman concluded that the

Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

Defendant does not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question and that the parties are not diverse. The Court does not find any error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the

face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

---

[2]     Even if subject-matter jurisdiction existed, the Court notes that it is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's

Final Report and Recommendation [5] is **ADOPTED**.  The Clerk is **DIRECTED**

to **REMAND** this action to the Magistrate Court of Gwinnett County, Georgia

**SO ORDERED** this 9th day of May, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

_____

because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C.
§ 2283, from enjoining a state court eviction proceeding.